IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1006C |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

After discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether the parties had an express written contract for the period September 12, 1999 through January 13, 2000.

2. Whether the parties had an implied contract for the period January 14, 2000 through June 30, 2000.

3. Whether the parties had a quasi-contract for the period April 15, 2000 through June 30, 2000.

4. Whether the Government materially breached any contract for the periods set forth above or was otherwise unjustly enriched.

5. Whether plaintiff substantially performed any contract for the periods set forth above.

6. The amount of damages, if any, to which plaintiff is entitled.

i. Settlement

The parties anticipate pursuing settlement negotiations on an informal basis as the litigation progresses.

j. Trial

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling, and anticipate that the case may be tried within three days. The parties will advise the court as to the requested place of trial.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. Neither party currently contemplates the need for expert witnesses. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | April 3, 2006 |
| Close of Fact Discovery | August 31, 2006 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax (202) 305-2118

Attorneys for Defendant

s/Michael D. Rossi
Michael D. Rossi (#0005591)
GUARNIERI & SECREST, P.L.L.
P.O. Box 4270
Warren, Ohio 44482
Tel. (330) 393-1584
Fax (330) 395-3831

Attorneys for Plaintiff

February 27, 2006