IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| SOLO VENTURES, LLC<br>Plaintiff,<br><br>v.<br><br>Y/A.W.A.R.E. PROGRAMS, INC et al.<br>Defendants. | ) | CASE NO. 372525<br><br>JUDGE: NANCY RUSSO<br><br>**ORDER** |

This cause came to be heard before this Court on August 3, 1999. After reviewing the evidence, this Court finds that Plaintiff's Motion for Emergency Hearing to appoint a receiver is well taken and grants Plaintiff's Motion. Defendant, Y/A.W.A.R.E. Programs, Inc. ("Y/A.W.A.R.E.") was not represented here to defend against Plaintiff's Motion and did not respond to same. This Court finds that all matters alleged in Plaintiff's Motion regarding Y/A.W.A.R.E. have hereby been admitted as true. This Court finds that after notice and hearing, the matters presented in Plaintiff's Motion and supporting evidence merit the appointment of a receiver to escrow funds for the benefit of Plaintiff and to have all powers necessary to carry out such escrow as permitted under Ohio Revised Code 2735.04 pending the disposition of this case.

**WHEREFORE IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff, Solo Ventures, LLC's motion for the appointment of a receiver is granted, to wit:

1. This Court hereby appoints Mark B. Marein and Steven B. Bradley as receivers of the property known as Lakeview Gardens and having the aforementioned

VOL 2372 PG 452

authority to establish and maintain escrow of any and all funds related to Lakeview Gardens from whatever source derived pending the disposition of this case;

2. This Court finds in favor of Plaintiff Solo Ventures' claim in the amount of One Hundred Twenty-five Thousand Dollars (\$125,000) plus interest at the rate of ten per cent per annum from October 16, 1998 and finds that Defendants Y/A.W.A.R.E. Programs, Inc and Diversity Institute, Inc. are jointly and severally liable to Plaintiff for this sum.

IT IS SO ORDERED.

JUDGE

This order has been filed by the Clerk of Courts this ______ day of ________, 1999.

Clerk

THE STATE OF OHIO } Cuyahoga County } ss I, GERALD E. FUERST, CLERK OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY, HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL Volume 2372 pg 452 dated 8-26-1999 NOW ON FILE IN MY OFFICE. WITNESS MY HAND AND SEAL OF SAID COURT THIS 15th DAY OF November A.D. 1999 GERALD E. FUERST, CLERK By [signature]

RECEIVED FOR FILING
AUG 2 6 1999
[signature]

NO.852 P26

03/08/2006 15:15 HUD-OFFICE OF LITIGATION → 202 305 2118

02/08/06 04:05 FAX 912167810722 SYNENBERG&MAREIN

008

CUYAHOGA COUNTY RECORDER
PATRICK J. O'MALLEY
DATE 01/07/2000 02:57:13 PM
200001070800

CUYAHOGA COUNTY RECORDER
200001070800 PAGE 1 of 6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| SOLO VENTURES, LLC<br><br>Plaintiff,<br><br>v.<br><br>Y/A.W.A.R.E. PROGRAMS, INC et al.<br><br>Defendants. | ) | CASE NO. 372525<br><br>JUDGE: NANCY RUSSO<br><br>**JOURNAL ENTRY OF PARTIAL DEFAULT JUDGMENT** |

This cause came to be heard before this Court on September 9, 1999. After reviewing the evidence, this Court finds that Plaintiff's Motion for Default Judgment as to Defendant Y/A.W.A.R.E. Programs, Inc. is well taken and grants Plaintiff's Motion. This Court further finds that Defendant, Y/A.W.A.R.E. Programs, Inc. was not represented here to defend against Plaintiff's Motion. This Court finds that Defendant Y/A.W.A.R.E. Programs, Inc. has not appeared in this action nor responded to Plaintiff's Complaint. This Court finds therefore, that all matters alleged in Plaintiff's Complaint have hereby been admitted as true by Defendant Y/ A.W.A.R.E. Programs, Inc. Further, this Court finds that all matters presented in Plaintiff's Motion for Default Judgment against Defendant and supporting evidence are hereby admitted as true by Defendant Y/ A.W.A.R.E., Programs, Inc.

WHEREFORE IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff, Solo Ventures, LLC is hereby awarded all relief requested in Plaintiff's Complaint, to wit:

CUYAHOGA COUNTY RECORDER
[illegible] PAGE 2 of 5

1. that the transfer of real property, Permanent Parcel Nos. 110-19-007; 108-31-001; 109-20-012; 110-21-004; 110-21-005; 110-21-007, and 110-21-008, including buildings located at: 849, 943, 969, and 973 Lakeview Road Cleveland, Ohio 44108 and known as Lakeview Gardens, from Defendant Y/A.W.A.R.E. Programs, Inc. to Defendant Diversity Institute, Inc. having occurred effective October 23, 1998 is hereby declared null and void, and is ~~rescinded and set aside~~.- TO 7 SOLO VENTURES, LLC. CASE 372525

2. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ownership of the subject property is declared restored and re-vested in Defendant Y/A.W.A.R.E Programs, Inc.

3. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Entry be recorded in the Cuyahoga County Recorder's Office and that this Entry invalidates, nullifies, voids and rescinds the transfer of Permanent Parcel Nos. 110-19-007; 108-31-001; 109-20-012; 110-21-004; 110-21-005; 110-21-007, and 110-21-008, recorded at Volume 98-13795, Pages 57 through 59, and restores and re-vests ownership of the foregoing Parcels in Defendant Y/A.W.A.R.E. Programs, Inc., as if the transfer of said parcels to Defendant Diversity Institute, Inc. had not taken place.

[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]

CUYAHOGA COUNTY RECORDER
[illegible] PAGE 3 of 5

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED That the judgment herein in favor of Plaintiff Sole Ventures, LLC in the amount of One Hundred Twenty-five Thousand Dollars ($125,000), as corrected, is hereby declared a lien on the subject property.

IT IS SO ORDERED.

9/9/99

JUDGE

This order has been filed by the Clerk of Courts this ______ day of ______ 1999.

______________________
Clerk

RECEIVED FOR FILING

SEP 0 9 1999

GERALD E. FUERST, CLERK

THE STATE OF OHIO
Cuyahoga County } SS. I, GERALD E. FUERST, CLERK OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY,
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS 09
DAY OF Sept A.D. 1999
GERALD E. FUERST, Clerk
By ______________ Deputy

108 - 31 - 001
109 - 20 - 012
110 - 21 - 004, 005, 007, 00
110 - 19 - 003

PARCEL NO. ______

CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.

JAN 7 - 2000

Conveyance Fee ______ Receipt No. 1210

TYPE ______ Arms Length: YES ( ) NO ( )

FRANK RUSSO, Cuyahoga County Auditor By ______ Deputy

Frank Russo

CUYAHOGA COUNTY AUDITOR

Page 2 - EXHIBIT "A"

VOL. 96-13795 PAGE 59

PARCEL NO. 10 110-21-004

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 3 IN WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 65 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 103.02 FEET ON THE NORTHERLY LINE 103.91 FEET ON THE SOUTHERLY LINE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

PARCEL NO. 11 110-21-005

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 2 IN THE WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 0[illegible] OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 103.5[illegible] FEET ON THE NORTHERLY LINE 136.80 FEET ON THE SOUTHERLY LINE WHICH IS ALSO THE NORTHERLY LINE OF FAIRPORT AVENUE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

PARCEL NO. 12 110-21-007

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING PART OF SUBLOT NO. 1 IN L.J. HOSTETTER'S SUBDIVISION NO. 2, OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E. AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1, THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID SUBLOT NO. 1, 140.14 FEET TO THE NORTHEASTERLY CORNER THEREOF, THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID SUBLOT NO. 1, 40 FEET, THENCE WESTERLY ON A LINE PARALLEL TO THE NORTHERLY LINE OF SAID SUBLOT 1, ABOUT 134.69 FEET TO THE NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E., THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE OF SAID LAKEVIEW ROAD N.E. ABOUT 40.40 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

PARCEL NO. 13 110-21-008

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING ALL OF SUBLOT NO. 2 AND PART OF SUBLOT NO. 1 IN L. J. HOSTETTER'S SUBDIVISION NO. 2 OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS, AND TOGETHER FORMING A PARCEL OF LAND BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD, N.E., AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF TUSCORA AVENUE N.E., THENCE EASTERLY ALONG SAID NORTHERLY LINE OF TUSCORA AVENUE N.E., 125.04 FEET TO THE SOUTHEASTERLY CORNER OF SAID SUBLOT NO. 2, THENCE NORTHERLY ALONG THE EASTERLY LINES OF SAID SUBLOTS NOS. 2 AND 1, 87.19 FEET, THENCE WESTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1, ABOUT 134.69 FEET TO SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E., THENCE SOUTHEASTERLY ALONG SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E., ABOUT 89.10 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Legibility poor on original document at time of recording.

Legal Description complies with Cuyahoga County Conveyance Standards and is approved for transfer.
[signature] 9-10-99
Agent Date

Legal Description complies with Cuyahoga County Conveyance Standards and is approved for transfer.
[signature]
Agent Date

Page 2 of 5

03/08/2006 15:15 HUD-OFFICE OF LITIGATION → 202 305 2118 NO.852 031

02/08/00 04:05 FAX 912167810722 SYNENBERG&MAREIN 013

Legibility poor on original document at time of recording.

Glenville Rehabilitation
Project No. 062-55031
Cleveland, Ohio

CUYAHOGA COUNTY RECORDER
[illegible] PAGE 4 of 5

Page 1 - EXHIBIT "A"

VOL. 96-13795 PAGE 18

PARCEL NO. 1 110-19-07

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio.
and known as being Sublot No. 49 and part of Sublot Nos. 50 and 51 in D.
Carl Tremaine's "Hopkins Avenue" Allotment of part of Original 100 Acre Lot
No. 371., as shown by the recorded plat in Volume 80, Page 28 of Cuyahoga
County Map Records, and being further bounded and described as follows:

Beginning at the intersection of the easterly sideline of Lakeview Road N.E., 50 feet
60 feet wide, with the southerly sideline of Hopkins Avenue N.E., 50 feet
wide; thence due East along the said southerly sideline of Hopkins Avenue,
a distance of 147.11 feet to the northeasterly corner of said Sublot No. 49;
thence S. 0°-37'-00" E. along the easterly lines of Sublot No.'s 49, 50, and
51, a distance of 123.05 feet to the southeasterly corner of said Sublot No. 51;
51; thence S. 89°-00'-00" W. along the southerly line of said Sublot No. 51,
a distance of 32.00 feet to a point; thence N. 0°-37'-00" W. and parallel
with said easterly lines of Sublot No.'s 49, 50, and 51, a distance of 87.55
feet to a point; thence due West and parallel with the said southerly sideline
of Hopkins Avenue, a distance of 120.59 feet to a point in the said easterly
sideline of Lakeview Road; thence N. 0°-38'-30" W. along the easterly
sideline of Lakeview Road, a distance of 35.70 feet to the principal place
of Beginning, and containing 0.2771 acres of land as calculated by McGlosh &
Associates, Inc., be the same more or less, but subject to all legal highways.

PARCEL NO. 2 108-31-001

SITUATED IN THE CITY OF CLEVELAND COUNTY OF CUYAHOGA AND STATE OF OHIO AND KNOWN AS BEING
PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 331 AND BOUNDED AND DESCRIBED AS FOLLOWS.

BEGINNING IN THE WESTERLY LINE OF LAKEVIEW ROAD N.E., 60 FEET WIDE AT A POINT DISTANT NORTH
8 DEG. 40 MIN. 05 SEC. WEST MEASURED ALONG SAID WESTERLY LINE OF LAKEVIEW ROAD, 137-80/100
FEET FROM THE NORTHEASTERLY CORNER OF SUB-LOT NO. 68 IN THE REALTY UNDERWRITERS COMPANY'S
LAKEVIEW ROAD SUBDIVISION AS RECORDED IN VOLUME 83 OF MAPS, PAGE 30 OF CUYAHOGA COUNTY
RECORDS, THENCE NORTH 8 DEG. 40 MIN. 05 SEC. WEST ALONG SAID WESTERLY LINE OF LAKEVIEW
ROAD, 67-25/100 FEET TO A POINT, THENCE NORTH 89 DEG. 23 MIN. 55 SEC. WEST 215 FEET TO
A POINT, THENCE SOUTH 8 DEG. 23 MIN. 26 SEC. EAST 67-80/100 FEET TO A POINT, THENCE SOUTH
89 DEG. 26 MIN. 15 SEC. EAST AND PARALLEL TO THE NORTHERLY LINE OF SAID SUBDIVISION 217-
83/100 FEET TO THE PLACE OF BEGINNING, ACCORDING TO THE SURVEY BY THE WM. H. EVERS ENGINEERING
COMPANY, DATED JUNE, 1923, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT
TO ALL LEGAL HIGHWAYS.

PARCEL NO. 3 109-20-012

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA AND STATE OF OHIO, AND KNOWN AS
BEING SUBLOT NO. 53 IN JOHN H. WALKER'S SUBDIVISION OF PART OF ORIGINAL EAST CLEVELAND
TOWNSHIP LOTS NOS. 371 AND 373 AND 378 AS SHOWN BY THE RECORDED PLAT IN VOLUME 71 OF MAPS,
PAGE 22 OF CUYAHOGA COUNTY RECORDS AND BEING 40.45 FEET FRONT ON THE WESTERLY SIDE OF
LAKEVIEW ROAD AND EXTENDING BACK 124.50 FEET ON THE SOUTHERLY LINE 128.13 FEET ON THE
NORTHERLY LINE AND HAVING A REAR LINE OF 40 FEET, AS APPEARS BY SAID PLAT, BE THE SAME
MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TOGETHER WITH AN EASEMENT FOR A COMMON DRIVE AS CREATED IN AN INSTRUMENT DATED
MAY 3, 1917 BY AND BETWEEN [illegible] AND [illegible] AND [illegible]
FILED FOR RECORD ON MAY 4, 1917 IN VOLUME 1888 PAGE 3 OF CUYAHOGA COUNTY RECORDS,
APPEARS AS FOLLOWS.

GIVING AND GRANTING HEREWITH UNTO THE GRANTEES HEREIN, THEIR HEIRS, REPRESENTATIVES
AND ASSIGNS, A RIGHT OF WAY OVER THE NORTHERLY 8 FEET OF THE PREMISES ADJOINING
THE ABOVE DESCRIBED PREMISES ON THE SOUTH AND RESERVING A RIGHT OF WAY OVER
THE SOUTHERLY 8 FEET OF THE ABOVE DESCRIBED PREMISES TOGETHER MAKING A RIGHT
OF WAY 8 FEET IN WIDTH EXTENDING FROM THE WESTERLY LINE OF LAKEVIEW ROAD TO
A LINE DRAWN PARALLEL TO AND 20 FEET EASTERLY FROM THE WESTERLY LINE OF THE
ABOVE DESCRIBED PREMISES AND THE PREMISES ADJOINING THE SAME ON THE SOUTH.
SAID RIGHT OF WAY TO BE USED FOR DRIVEWAY PURPOSES, FOR PURPOSE OF INGRESS AND
EGRESS IN COMMON FOR THE JOINT USE AND BENEFIT OF THE PRESENT AND FUTURE OWNERS
OF THE ABOVE DESCRIBED PREMISES AND PREMISES ADJOINING ON THE SOUTH.

[illegible] Page 1 [illegible]

# REAL ESTATE CONVEYANCE AGREEMENT

THIS REAL ESTATE CONVEYANCE AGREEMENT ("Agreement") is made at Cleveland, Ohio, and entered into this 21 day of December 1999 by and between Y/A.W.A.R.E. Programs, Inc. an Ohio nonprofit corporation, ("Grantor"), and Solo Ventures, LLC ("Grantee").

In consideration of the mutual promises and covenants herein contained, and intending to be legally bound, the parties hereto agree as follows:

1. Premises. Grantor hereby agrees to give, grant, bargain, convey and transfer to Grantee who agrees to receive same, certain real property, Permanent Parcel Nos.110-19-007; 108-31-001; 109-20-012; 110-21-004; 110-21-005; 110-21-007, and 110-21-008, including buildings located at: 849, 943, 969, and 973 Lakeview Road Cleveland, Ohio 44108 (and known as Lakeview Gardens) and all more particularly described on Exhibit "A" attached hereto and made part hereof and together with all right, title, and interest of Grantor in and to any land lying in the right of way of any streets in front of or adjoining the property (all of which shall be referred to as the "Premises").

2. Consideration.

(a) In consideration for the transfer of the Premises, Grantee has agreed to forbear and has refrained from executing its money judgment against Grantor obtained on or about August 25, 1999 in the amount of One Hundred Twenty-five Thousand Dollars ($125,000), plus interest at ten per cent (10%) per annum, from October 16, 1998 pending the transfer of the premises.

(b) As further consideration, the judgment lien shall be forgiven, and a satisfaction shall be issued and sent to Grantor upon the receipt and filing of the deed from Grantor transferring the Premises to Grantee.

RB AH (c) As further consideration, upon receipt and filing of the deed from Grantor transferring Premises to Grantee, Grantor shall be released from all claims that Grantee now has and may have arising from the facts.

3. Access to Premises. Grantor hereby acknowledges that the Premises is under the dominion and control of the Court appointed receiver; Grantor poses no objection to Grantee having free and unfettered access to the Premises at any time up until said Premises transfers.

4. Escrow Instructions. General Title Agency, Inc., of Cleveland, Ohio is hereby designated as escrow agent (the "Escrow Agent"). Any and all documents pertaining to the transfer of the Premises shall be deposited in escrow no later than November 12, 1999 at 12:00 p.m., EST, with

this Agreement has been completed as provided for herein, no later than November 12, 1999, time being of the essence. "Closing" or "Closing Date" shall mean the date upon which the documents are complete and the deed conveying title to the Premises to Grantee is recorded.

This Agreement shall serve as escrow instructions, subject to Escrow Agent's usual conditions of acceptance where not contrary to any of the terms hereof. Escrow Agent is hereby authorized to close this transaction in accordance with this Agreement.

5. Deed. Grantor shall execute a limited warranty deed, conveying to Grantee, the absolute fee simple title to the Premises, free and clear of all liens and encumbrances whatsoever, except real estate taxes and assessments, general and special, not yet due and payable, zoning ordinances, if any, and such other exceptions to title as Grantee may approve. Grantee approves no other liens or encumbrances regarding the Premises.

6. Evidence of Title. Grantor acknowledges that the Cuyahoga County Common Pleas Court has restored title to Grantee by order dated September 9, 1999 and journalized at Volume 2377, Page 925. Further, at its expense, Grantee has provided Grantor with a lien search of the Premises conducted by General Title Agency, Inc attached hereto as Exhibit "B".

7. Taxes and Assessments. All real estate taxes and general and special assessments and penalties, if any, levied against the Premises as stemming from said real estate taxes as identified in the lien search attached hereto as Exhibit "B" shall be assumed by Grantee.

8. Possession. Full and exclusive possession of the Premises unencumbered and untenanted, except as referred to in Paragraph 12 below, entitled HAP Agreement (Section 8 Contract), shall be delivered by Grantor to Grantee upon Closing.

9. Closing. Escrow Agent shall review its file for all documents described herein as required for the transfer of the Premises and when Escrow Agent has received all documents required hereunder to be deposited in escrow, Escrow Agent shall cause the deed to be filed for record, time being of the essence. This transaction must close in its entirety on or before November 12, 1999.

10. Warranties. In addition to any other representations and warranties of Grantor contained in this Agreement, Grantor represents and warrants to Grantee as follows:

a. Grantor hereby warrants that it is the fee simple owner of the Premises and that the same are free and clear of all encumbrances except real estate taxes and

assessments not yet due and payable; that it has the full right and authority to convey marketable fee simple title to the Premises to Grantee; and that all roads abutting the Premises are contiguous to it.

11. Condition of Property. Grantor and Grantee acknowledge that the U.S. Department of Housing and Urban Development (hereinafter "HUD") has found the Premises to be in serious disrepair and has placed it on its "troubled property list" during Grantor's ownership of said Premises. Accordingly, Grantor acknowledges HUD's estimate that the property requires approximately Two Hundred Eighty Thousand Dollars ($280,000) in repairs to be brought up to HUD standard condition. Grantee agrees to accept the transfer of the Premises in "as is" condition. Therefore, Grantor accepts that Grantee's consideration: to forgive the judgment debt, to release the judgment lien in the amount of One Hundred Twenty-five Thousand Dollars ($125,000) plus interest at ten per cent (10%) per annum since October 16, 1998, and to accept the transfer of the Premises in "as is" condition is reasonable, fair, equitable, adequate and sufficient consideration for the value of the Premises.

12. HAP Agreement (Section 8 Contract). Grantee acknowledges that Grantor is a party to a Housing Assistance Program ("HAP") Agreement with HUD, contract number OH 12-E000-003 which has expired in whole as of September 13, 1999 and is not subject to renewal with Grantor. Per HUD requirement, Grantor and Grantee agree to execute an Assignment of said contract for immediate submission to HUD along with a fully executed copy of this Agreement for HUD's review and approval. Grantee agrees to comply with all requirements for the transfer of the HAP Agreement from Grantor to Grantee at Grantee's expense.

13. Utilities; Expenses; Services at Property. The parties hereby acknowledge that the property has past due invoices for utilities, trash removal, and other services rendered at the Premises until September 9, 1999. Grantor hereby holds Grantee harmless for any and all amounts due, payable or delinquent generated by Grantor or by Diversity Institute, Inc. or either of their officers, employees, agents or affiliates from June 18, 1998 until September 9, 1999, and shall make no claim of liability against Grantee for said utilities, service or other costs incurred or expenses generated by Diversity Institute, Inc. during its management of said Premises or during its alleged "ownership" of same. Grantor agrees to defend Grantee from any and all claims regarding the Premises generated during said periods or that may be generated by Diversity Institute, Inc. or its affiliates regarding the Premises whether or not occurring during said periods.

14. Condemnation. Grantor represents that there are no condemnation proceedings or eminent domain proceedings of any kind pending or contemplated against the Premises and that if prior to Closing such proceedings shall be commenced, then at the option of Grantee either: (a) this Agreement shall be terminated and upon such termination the parties hereto shall be relieved of all further liability thereunder and any and all monies deposited in escrow by Grantee or held hereunder or behalf of Grantee (including any earned interest thereon) shall be immediately returned, with deduction, to Grantee; or (b) This Agreement shall continue without adjustment in the purchase price and all awards under such proceeding shall become the property of Grantee, Grantor hereby assigning to Grantee any claim or interest therein.

15. Broker. Grantee and Grantor warrant and represent to one another that they have not engaged any real estate broker ("Broker") in this transaction. The Parties hereto shall indemnify and hold one another harmless from and against any loss, cost, damage or expense arising out of any breach of the foregoing representations by such party.

16. Notice. Any notification provided for herein between Grantor and Grantee shall be in writing and deemed to have been given when mailed postpaid by registered or certified mail, return receipt requested, as follows:

To Grantor: Y/A.W.A.R.E. Programs, Inc.
154 Harker Street
Mansfield, Ohio 44903

To Grantee: Solo Ventures, LLC
5 Severence Circle, Suite 505
Cleveland Heights, Ohio 44118

17. Fees. Escrow Agent shall charge Grantee with recording fees, and the escrow fee.

18. CONFIDENTIAL. Grantor and Grantee shall keep all matters contained in this Agreement confidential.

19. Terms. The terms "Grantee" and Grantor" shall include all parties designated and their respective heirs, executors, administrators, successors and assigns, and wherever the singular is used, it shall include the plural, and wherever the masculine gender is used, it shall include the neuter and feminine as the context requires. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the parties hereto, their respective successors, assigns, heirs, and personal

20. Entire Agreement. This Agreement Contains the entire agreement between Grantor and Grantee and the parties hereto are not bound by any agreements, understanding and conditions except those stipulated herein.

IN WITNESS WHEREOF, the parties hereto have set their hands as of the day and year first above written.

Signed in the presence of:

Brandon Lindsay
Witness Brandon Lindsay

Witness Stacey E. Polk

GRANTEE:
Solo Ventures, LLC

By: ______
Member Frederick D. Harris

Brandon Lindsay
Witness Brandon Lindsay

Witness Stacey E. Polk

GRANTOR:
Y/A.W.A.R.E. Programs, Inc.

By: ______ POA
Betty Butler, CEO/Executive Director

[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]

GRANTEE' S ACKNOWLEDGEMENT

STATE OF OHIO )
) SS:
COUNTY OF CUYAHOGA )

**BEFORE ME,** a Notary Public in and for said County and State, came Frederick D. Harrison on behalf of the above mentioned limited liability company, who acknowledged, that after due authorization, he did sign the foregoing instrument, and that the same is his free act and deed individually and as a member of said limited liability company.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and official seal, at Cleveland, Ohio this 21 day of December, 1999.

Notary Public STACEY E. POLK, Atty at Law
My commission has no expiration date has no expiration date. RC147.03.

STACEY E. POLK, Attorney
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R. C.

GRANTOR'S ACKNOWLEDGEMENT

STATE OF OHIO )
)SS:
COUNTY OF CUYAHOGA)

**BEFORE ME,** a notary public in and for said County and State, personally appeared the above named Terone Butler POA, on behalf of the above mentioned nonprofit corporation who acknowledged that after due authorization, she did sign the foregoing instrument, and that the same is her free act and deed individually and as CEO/Executive Director of said corporation.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and official seal, at Cleveland, Ohio this 21 day of December, 1999.

Notary Public STACEY E. POLK, Atty at Law
My Commission has no expiration date. RC 147.03.

STACEY E. POLK, Attorney
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.

EXHIBIT "A"

PARCEL NO. 1

Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio,
and known as being Sublot No. 49 and part of Sublot No's 50 and 51 in D.
Carl Tremaines "Hopkins ~~Avenue~~" Allotment of part of Original 100 Acre Lot
No. 371, as shown by the recorded plat in Volume 60, Page 28 of Cuyahoga
County Map Records, and being further bounded and described as follows:

Beginning at the intersection of the easterly sideline of Lakeview Road N.E.,
60 feet wide, with the southerly sideline of Hopkins Avenue N.E., 50 feet
wide; thence due East along the said southerly sideline of Hopkins Avenue,
a distance of 167.11 feet to the northeasterly corner of said Sublot No. 49;
thence S. 0°-27'-00" E. along the easterly lines of Sublot No.'s 49, 50, and
51, a distance of 143.05 feet to the southeasterly corner of said Sublot No.
51; thence S. 89 -00'-00" W. along the southerly line of said Sublot No. 51,
a distance of 32.00 feet to a point; thence N. 0°-27'-00" W. and parallel
with said easterly lines of Sublot No.'s 49, 50, and 51, a distance of 87.33
feet to a point; thence due West and parallel with the said southerly sideline
of Hopkins Avenue, a distance of 126.59 feet to a point in the said easterly
sideline of Lakeview Road; thence N. 8°-56'-30" W. along the said easterly
sideline of Lakeview Road, a distance of 57.70 feet to the principal place
of beginning, and containing 0.2771 acres of land as calculated by McSteen &
Associates, Inc., be the same more or less, but subject to all legal highways.

Permanent Parcel No. 110-19-007

PARCEL NO. 2

SITUATED IN THE CITY OF CLEVELAND COUNTY OF CUYAHOGA AND STATE OF OHIO AND KNOWN AS BEING PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AND BOUNDED AND DESCRIBED AS FOLLOWS,

BEGINNING IN THE WESTERLY LINE OF LAKEVIEW ROAD N.E., 60 FEET WIDE AT A POINT DISTANT NORTH 8 DEG. 40 MIN. 05 SEC. WEST MEASURED ALONG SAID WESTERLY LINE OF LAKEVIEW ROAD, 137-88/100 FEET FROM THE NORTHEASTERLY CORNER OF SUB-LOT NO. 58 IN THE REALTY UNDERWRITERS COMPANY'S LAKEVIEW ROAD SUBDIVISION AS RECORDED IN VOLUME 63 OF MAPS, PAGE 30 OF CUYAHOGA COUNTY RECORDS, THENCE NORTH 8 DEG. 40 MIN. 05 SEC. WEST ALONG SAID WESTERLY LINE OF LAKEVIEW ROAD, 47-25/100 FEET TO A POINT, THENCE NORTH 89 DEG. 23 MIN. 55 SEC. WEST 215 FEET TO A POINT; THENCE SOUTH 5 DEG. 33 MIN. 35 SEC. EAST 47-00/100 FEET TO A POINT, THENCE SOUTH 89 DEG. 38 MIN. 15 SEC. EAST AND PARALLEL TO THE NORTHERLY LINE OF SAID SUBDIVISION 217-49/100 FEET TO THE PLACE OF BEGINNING, ACCORDING TO THE SURVEY BY THE WM. H. EVERS ENGINEERING COMPANY, DATED JUNE, 1923, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 108-31-001

PARCEL NO. 3

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 53 IN JOHN W. WALKER'S SUBDIVISION OF PART OF ORIGINAL EAST CLEVELAND TOWNSHIP LOTS NOS. 371 AND 379 AND 378 AS SHOWN BY THE RECORDED PLAT IN VOLUME 71 OF MAPS, PAGE 22 OF CUYAHOGA COUNTY RECORDS AND BEING 40.45 FEET FRONT ON THE WESTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 126.20 FEET ON THE SOUTHERLY LINE 120.15 FEET ON THE NORTHERLY LINE AND HAVING A REAR LINE OF 40 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TOGETHER WITH AN EASEMENT FOR A COMMON DRIVE AS CREATED IN AN INSTRUMENT DATED MAY 3, 1917 BY AND BETWEEN HENRY LATIN AND CERTIE LATIN AND HERMAN LUNDBERG FILED FOR RECORD ON MAY 4, 1917 IN VOLUME 1958 PAGE 3 OF CUYAHOGA COUNTY RECORDS, APPEARS AS FOLLOWS,

GIVING AND GRANTING HEREWITH UNTO THE GRANTEES HEREIN, THEIR HEIRS, REPRESENTATIVES AND ASSIGNS, A RIGHT OF WAY OVER THE NORTHERLY 4 FEET OF THE PREMISES ADJOINING THE ABOVE DESCRIBED PREMISES ON THE SOUTH AND RESERVING A RIGHT OF WAY OVER THE SOUTHERLY 4 FEET OF THE ABOVE DESCRIBED PREMISES TOGETHER MAKING A RIGHT OF WAY 8 FEET IN WIDTH EXTENDING FROM THE WESTERLY LINE OF LAKEVIEW ROAD TO A LINE DRAWN PARALLEL TO AND 20 FEET EASTERLY FROM THE WESTERLY LINE OF THE ABOVE DESCRIBED PREMISES AND THE PREMISES ADJOINING THE SAME ON THE SOUTH. SAID RIGHT OF WAY TO BE USED FOR DRIVEWAY PURPOSES, FOR PURPOSE OF INGRESS AND EGRESS IN COMMON FOR THE JOINT USE AND BENEFIT OF THE PRESENT AND FUTURE OWNERS OF THE ABOVE DESCRIBED PREMISES AND PREMISES ADJOINING ON THE SOUTH.

Permanent Parcel No. 109-20-012

EXHIBIT "A" Cont.

PARCEL NO. 4

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 1 IN WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 49 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS. AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 151.02 FEET ON THE NORTHERLY LINE 143.91 FEET ON THE SOUTHERLY LINE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-004

PARCEL NO. 5

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 2 IN THE WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 049 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 143.91 FEET ON THE NORTHERLY LINE 135.80 FEET ON THE SOUTHERLY LINE WHICH IS ALSO THE NORTHERLY LINE OF FAIRPORT AVENUE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS

Permanent Parcel No. 110-21-005

PARCEL NO. 6

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO. AND KNOWN AS BEING PART OF SUBLOT NO. 1 IN L.J. HOSTETTER'S SUBDIVISION NO. 2, OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS, BOUNDED AND DESCRIBED AS FOLLOWS,

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E. AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID SUBLOT NO. 1, 140.18 FEET TO THE NORTHEASTERLY CORNER THEREOF; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID SUBLOT NO. 1, 40 FEET; THENCE WESTERLY ON A LINE PARALLEL TO THE NORTHERLY LINE OF SAID SUBLOT 1, ABOUT 134.89 FEET TO THE NORTHEASTERLY LINE OF SAID LAKEVIEW ROAD N.E.; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E. ABOUT 40.40 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-007

PARCEL NO. 7

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING ALL OF SUBLOT NO. 2 AND PART OF SUBLOT NO. 1 IN L. J. HOSTETTER'S SUBDIVISION NO. 2 OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS, AND TOGETHER FORMING A PARCEL OF LAND BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD, N.E., AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF TUSCORA AVENUE N.E.; THENCE EASTERLY ALONG SAID NORTHERLY LINE OF TUSCORA AVENUE N.E., 125.84 FEET TO THE SOUTHEASTERLY CORNER OF SAID SUBLOT NO. 2; THENCE NORTHERLY ALONG THE EASTERLY LINES OF SAID SUBLOTS NOS. 2 AND 1, 67.19 FEET; THENCE WESTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1, ABOUT 134.89 FEET TO SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E.; THENCE SOUTHEASTERLY ALONG SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E., ABOUT 69.10 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-008

ASSIGNMENT

THIS ASSIGNMENT, made and entered into on this 21 day of December 1999 by and between Y/A.W.A.R.E., also known as "Y/A.W.A.R.E." ("Assignor"), and Solo Ventures, LLC, also known as "Solo Ventures" ("Assignee");

WITNESSETH;

WHEREAS, Y/A.W.A.R.E. ("Assignor") has entered into a deed in lieu of foreclosure for the benefit of judgment lienholder Solo Ventures ("Assignee") of forty (40) dwelling units and three (3) vacant lots owned by Assignor on Lakeview Road, Cleveland, Ohio, Permanent Parcel Nos. 110-19-007; 108-31-001; 109-20-012; 110-21-004; 110-21-005; 110-21-007, and 110-21-008, including buildings located at: 849, 943, 969, and 973 Lakeview Road Cleveland, Ohio 44108 (collectively, the "Property") and known as Lakeview Gardens.
; and

WHEREAS, Assignor is a party to a housing assistance payment ("HAP") contract by and between the United States Department of Housing and Urban Development and Assignor, and

WHEREAS, Assignor desires to assign the HAP contract OH12-E000-003 to Assignee so that Assignee has all the rights, titles, interests, and obligations under said HAP contract of the Assignor; and

WHEREAS, Assignee desires to acquire all the rights, titles, interests, and obligations under the HAP contract OH12-E000-003.

NOW, THEREFORE, for good and valuable consideration by and between Assignor and Assignee, as set forth in the Conveyance Agreement dated November 21, 1999 by and between Assignor and Assignee, Assignor hereby assigns all of its rights, titles, interests, and obligations under the HAP contract OH12-E000-003 dated July 23, 1984, by and between the United States Department of Housing and Urban Development ("HUD") and Lakeview Gardens Limited Partnership (Assignor's predecessor in interest), as assigned to Y/A.W.A.R.E. on June 5, 1998, to the Assignee effective the date of transfer of the real estate owned by Assignor on Lakeview Road, Cleveland, Ohio as more fully set forth in the Conveyance Agreement by and between Assignor and Assignee dated December 21, 1999, attached hereto and made a part hereof.

THIS ASSIGNMENT is subject to the written consent required by the United States Department of Housing and Urban Development and shall not be effective until such consent is given.

IN WITNESS WHEREOF, the parties hereto have set their hands to duplicates hereof as of the date and year first above written.

Signed in the presence of:

Brandon Lindsay
Brandon Lindsay

Stacey E. Polk
STACEY E. POLK

ASSIGNOR:
Y/A.W.A.R.E.

By: Terone Butler POA
Betty Butler, CEO/ Executive Director Terone Butler, POA

Signed in the presence of:

Brandon Lindsay Brandon Lindsay

Stacey E. Polk

ASSIGNEE:
SOLO VENTURES, LLC

By: Fredrick D. Harris
Frederick D. Harris, member

ASSIGNOR'S ACKNOWLEDEMENT

STATE OF OHIO )
)SS:
COUNTY OF CUYAHOGA )

BEFORE ME, a notary public in and for said County and State, personally appeared the above named Y/A.W.A.R.E. Programs, Inc., dba Y/A.W.A.R.E., an Ohio nonprofit corporation, by its Chief Executive Officer and Executive Director, Betty Butler, who acknowledged that she did sign the foregoing instrument for, and on behalf of such nonprofit corporation, being thereunto duly authorized, and that the same is her free act and deed individually and the free act and deed of such nonprofit corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at ~~Mansfield~~ Cleveland Ohio, this 21 day of December 1999.

Notary Public STACEY E. POLK, Atty at Law
My commission has no expiration date.
RC 147.03.

STACEY E. POLK, Attorney
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R. C.

ASSIGNEE'S ACKNOWLEDGMENT

STATE OF OHIO )
) SS:
COUNTY OF CUYAHOGA)

BEFORE ME, a Notary Public in and for said County and State, personally appeared the above named Solo Ventures, LLC, a Delaware limited liability company, by its Member, Frederick D. Harris, who acknowledged that he did sign the foregoing instrument for, and on behalf of such limited liability company, being thereunto duly authorized, and that the same is his free act and deed individually and the free act and deed of such limited liability company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Cleveland, Ohio, this 21 day of December 1999.

Notary Public STACEY E. POLK, Atty at Law
My commission has no expiration date.
RC 147.03.

STACEY E. POLK, Attorney
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R. C.

CONSENT

WHEREAS, the Assignor, Y/A.W.A.R.E. Programs, Inc., dba Y/A.W.A.R.E., has assigned its interests in HAP contract 0H12-E000-003 to the Assignee by and through the foregoing assignment dated ___________, 1999;

NOW THEREFORE, the United States Department of Housing and Urban Development ("HUD") hereby consents to the assignment of the HAP contact 0H12-E000-003 by and between the United Stated Department of Housing and Urban Development and the Assignor, Y/A.W.A.R.E., to Solo Ventures, LLC, the Assignee, effective on the date of transfer of the title to the real estate described in the contract by and between Assignor and Assignee dated ______________, 1999.

IN WITNESS WHEREOF, this Consent is signed this ____ day of _________, 1999.

Signed in the presence of:

____________________

____________________

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

By: ________________________

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ACKNOWLEDGMENT

STATE OF OHIO )
) SS:
COUNTY OF CUYAHOGA)

BEFORE ME, a notary public in and for said County and State, personally appeared the above named UNITED STATED DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT by ___________ who acknowledged that he/she did sign the foregoing instrument for, and on behalf of the United States Department of Housing and Urban Development, being thereunto duly authorized, and that the same is his free act and deed individually and the free act and deed of the United States Department of Housing and Urban Development.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Cleveland, Ohio, this ,____ day of _________, 1999.

______________________
Notary Public

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
DEED 01/31/2000 04:34:08 PM
200001311538

# WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

That, SOLO VENTURES, L.L.C., a Delaware limited liability company, claims title by or through instrument, recorded in Volume 200001071180 Page _____, Cuyahoga County Recorder's Office, for the consideration of Fourteen Dollars and zero/100 Cents ($14.00) received to its full satisfaction of FOREST GLEN PROPERTIES, L.L.C., the Grantee, whose tax mailing address will be:

849 Lakeview Road, #1, Cleveland, Ohio 44108

does give, grant, bargain, sell and convey unto said Grantee, its successors and assigns, the following described premises:

SEE ATTACHED EXHIBIT 'A' (LEGAL DESCRIPTION)

Property Address: 849, 943, 969, and 973 Lakeview Road
Cleveland, Ohio 44108

Permanent Parcel No's: 110-19-007 &
108-31-001 &
109-20-012 &
110-21-004 &
110-21-005 &
110-21-007 &
110-21-008

PARCEL NO. _____
CONVEYANCE IS IN COMPLIANCE WITH SEC. 319.202 O.R.C.
PAID
JAN 3 1 2000
Conveyance Fee 504.00 Receipt No. 25288
TYPE 9 ARMS LENGTH YES ( ) NO ( )
FRANK RUSSO, Cuyahoga County Auditor By _____ Deputy



CUYAHOGA COUNTY RECORDER
200001311538 PAGE 1 of 4

STATE OF OHIO ) I, the County Recorder of Cuyahoga County
) SS: Ohio in whose custody the Records of said County are
) kept, Do hereby certify that this is a true and correct copy
COUNTY OF CUYAHOGA of the records filed as the document number, and in volume and on
page or AFN appearing upon the face hereof.
IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal in

TO HAVE AND TO HOLD the above granted and bargained premises, with the appurtenances thereunto belonging, unto the said Grantee, its successors and assigns forever.

AND the said Grantor does for itself, and its successors and assigns, hereby covenant with said Grantees, its successors and assigns, that said Grantor is the true and lawful owner of said premises, and is well seized of the same in fee simple, and has good right and full power to bargain, sell and convey the same in the manner aforesaid, and that the same are free and clear from all encumbrances, excepting taxes and assessments, both general and special, for the current half of the taxable year and restrictions and conditions of record and zoning ordinances, and further, that said Grantor will warrant and defend the same and assessments which may be a lien but against all claims of all persons whatsoever, except as abovementioned.

IN WITNESS WHEREOF, I have hereunto set my hand, this 29th day of January, in the year of our Lord 2000.

**Signed in the presence of:**

Monique Forté
Witness (print) Monique Forté
Kisha Dembridge
Witness (print) Kisha Dembridge

SOLO VENTURES, L.L.C.
BY: [signature]
FREDERICK D. HARRIS, MEMBER

THE STATE OF OHIO }
CUYAHOGA COUNTY } SS. ACKNOWLEDGEMENT

BEFORE ME, a Notary Public in and for said County, personally appeared Frederick D. Harris of the above named SOLO VENTURES, L.L.C., by its member, Frederick D. Harris, who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official notary seal, at Cleveland, Ohio this 29 day of January, 19 2000

[signature]
Notary Public
My Commission Expires:

STACEY E. POLK, Attorney
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

THIS INSTRUMENT PREPARED BY:
Stacey E. Polk, Esq.
13110 Shaker Square, Suite 125
Cleveland, Ohio 44120
(216) 691-6347



CUYAHOGA COUNTY RECORDER
200001311538 PAGE 2 of 4

PARCEL NO. 1

Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio, and known as being Sublot No. 49 and part of Sublot No's 50 and 51 in D. Carl Tremaines "Hopkins ~~Avenue~~" Allotment of part of Original 100 Acre Lot No. 371, as shown by the recorded plat in Volume 60, Page 28 of Cuyahoga County Map Records, and being further bounded and described as follows:

Begining at the intersection of the easterly sideline of Lakeview Road N.E., 60 feet wide, with the southerly sideline of Hopkins Avenue N.E., 50 feet wide; thence due East along the said southerly sideline of Hopkins Avenue, a distance of 167.11 feet to the northeasterly corner of said Sublot No. 49; thence S. 0°-27'-00" E. along the easterly lines of Sublot No.'s 49, 50, and 51, a distance of 143.05 feet to the southeasterly corner of said Sublot No. 51; thence S. 89 -00'-00" W. along the southerly line of said Sublot No. 51; a distance of 32.00 feet to a point; thence N. 0°-27'-00" W. and parallel with said easterly lines of Sublot No.'s 49, 50, and 51, a distance of 87.33 feet to a point; thence due West and parallel with the said southerly sideline of Hopkins Avenue, a distance of 126.59 feet to a point in the said easterly sideline of Lakeview Road; thence N. 8°-56'-30" W. along the said easterly sideline of Lakeview Road, a distance of 57.70 feet to the principal place of beginning, and containing 0.2771 acres of land as calculated by McSleen & Associates, Inc., be the same more or less, but subject to all legal highways.

Permanent Parcel No. 110-19-007

Legibility poor on original document at time of recording.

PARCEL NO. 2

SITUATED IN THE CITY OF CLEVELAND COUNTY OF CUYAHOGA AND STATE OF OHIO AND KNOWN AS BEING PART OF ORIGINAL ONE HUNDRED ACRE LOT, NO. 371 AND BOUNDED AND DESCRIBED AS FOLLOWS,

BEGINNING IN THE WESTERLY LINE OF LAKEVIEW ROAD N.E., 60 FEET WIDE AT A POINT DISTANT NORTH 8 DEG. 40 MIN. 05 SEC. WEST MEASURED ALONG SAID WESTERLY LINE OF LAKEVIEW ROAD, 137-88/100 FEET FROM THE NORTHEASTERLY CORNER OF SUB-LOT NO. 58 IN THE REALTY UNDERWRITERS COMPANY'S LAKEVIEW ROAD SUBDIVISION AS RECORDED IN VOLUME 63 OF MAPS, PAGE 30 OF CUYAHOGA COUNTY RECORDS, THENCE NORTH 8 DEG. 40 MIN. 05 SEC. WEST ALONG SAID WESTERLY LINE OF LAKEVIEW ROAD, 47-25/100 FEET TO A POINT, THENCE NORTH 89 DEG. 23 MIN. 55 SEC. WEST 215 FEET TO A POINT; THENCE SOUTH 5 DEG. 33 MIN. 35 SEC. EAST 47-00/100 FEET TO A POINT, THENCE SOUTH 89 DEG. 38 MIN. 15 SEC. EAST AND PARALLEL TO THE NORTHERLY LINE OF SAID SUBDIVISION 217-49/100 FEET TO THE PLACE OF BEGINNING, ACCORDING TO THE SURVEY BY THE WM. H. EVERS ENGINEERING COMPANY, DATED JUNE, 1923, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 108-31-001

PARCEL NO. 3

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 53 IN JOHN W. WALKER'S SUBDIVISION OF PART OF ORIGINAL EAST CLEVELAND TOWNSHIP LOTS NOS. 371 AND 379 AND 378 AS SHOWN BY THE RECORDED PLAT IN VOLUME 71 OF MAPS, PAGE 22 OF CUYAHOGA COUNTY RECORDS AND BEING 40.45 FEET FRONT ON THE WESTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 126.20 FEET ON THE SOUTHERLY LINE 120.15 FEET ON THE NORTHERLY LINE AND HAVING A REAR LINE OF 40 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

TOGETHER WITH AN EASEMENT FOR A COMMON DRIVE AS CREATED IN AN INSTRUMENT DATED MAY 3, 1917 BY AND BETWEEN HENRY LATIN AND GERTIE LATIN AND HERMAN LUNDBERG FILED FOR RECORD ON MAY 4, 1917 IN VOLUME 1958 PAGE 3 OF CUYAHOGA COUNTY RECORDS, APPEARS AS FOLLOWS,

GIVING AND GRANTING HEREWITH UNTO THE GRANTEES HEREIN, THEIR HEIRS, REPRESENTATIVES AND ASSIGNS, A RIGHT OF WAY OVER THE NORTHERLY 4 FEET OF THE PREMISES ADJOINING THE ABOVE DESCRIBED PREMISES ON THE SOUTH AND RESERVING A RIGHT OF WAY OVER THE SOUTHERLY 4 FEET OF THE ABOVE DESCRIBED PREMISES TOGETHER MAKING A RIGHT OF WAY 8 FEET IN WIDTH EXTENDING FROM THE WESTERLY LINE OF LAKEVIEW ROAD TO A LINE DRAWN PARALLEL TO AND 20 FEET EASTERLY FROM THE WESTERLY LINE OF THE ABOVE DESCRIBED PREMISES AND THE PREMISES ADJOINING THE SAME ON THE SOUTH. SAID RIGHT OF WAY TO BE USED FOR DRIVEWAY PURPOSES, FOR PURPOSE OF INGRESS AND EGRESS IN COMMON FOR THE JOINT USE AND BENEFIT OF THE PRESENT AND FUTURE OWNERS OF THE ABOVE DESCRIBED PREMISES AND PREMISES ADJOINING ON THE SOUTH.

Permanent Parcel No. 109-20-012

CUYAHOGA COUNTY RECORDER
200001311538 PAGE 3 of 4

PARCEL NO. 4

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 1 IN WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 49 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 151.02 FEET ON THE NORTHERLY LINE 143.91 FEET ON THE SOUTHERLY LINE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-004

PARCEL NO. 5

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING SUBLOT NO. 2 IN THE WAGNER SUBDIVISION OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371 AS SHOWN BY THE RECORDED PLAT IN VOLUME 049 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS AND BEING 50.50 FEET FRONT ON THE EASTERLY SIDE OF LAKEVIEW ROAD AND EXTENDING BACK 143.91 FEET ON THE NORTHERLY LINE 135.80 FEET ON THE SOUTHERLY LINE WHICH IS ALSO THE NORTHERLY LINE OF FAIRPORT AVENUE AND HAVING A REAR LINE OF 50 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS

Permanent Parcel No. 110-21-005

PARCEL NO. 6

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING PART OF SUBLOT NO. 1 IN L.J. HOSTETTER'S SUBDIVISION NO. 2, OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS; BOUNDED AND DESCRIBED AS FOLLOWS,

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E. AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID SUBLOT NO. 1, 140.18 FEET TO THE NORTHEASTERLY CORNER THEREOF; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID SUBLOT NO. 1, 40 FEET; THENCE WESTERLY ON A LINE PARALLEL TO THE NORTHERLY LINE OF SAID SUBLOT 1, ABOUT 134.89 FEET TO THE NORTHEASTERLY LINE OF SAID LAKEVIEW ROAD N.E.; THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E. ABOUT 40.40 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-007

PARCEL NO. 7

SITUATED IN THE CITY OF CLEVELAND, COUNTY OF CUYAHOGA, AND STATE OF OHIO, AND KNOWN AS BEING ALL OF SUBLOT NO. 2 AND PART OF SUBLOT NO. 1 IN L. J. HOSTETTER'S SUBDIVISION NO. 2 OF PART OF ORIGINAL ONE HUNDRED ACRE LOT NO. 371, AS SHOWN BY THE RECORDED PLAT IN VOLUME 48 OF MAPS, PAGE 24 OF CUYAHOGA COUNTY RECORDS, AND TOGETHER FORMING A PARCEL OF LAND BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTHEASTERLY LINE OF LAKEVIEW ROAD, N.E., AT ITS POINT OF INTERSECTION WITH THE NORTHERLY LINE OF TUSCORA AVENUE N.E.; THENCE EASTERLY ALONG SAID NORTHERLY LINE OF TUSCORA AVENUE N.E., 125.86 FEET TO THE SOUTHEASTERLY CORNER OF SAID SUBLOT NO. 2; THENCE NORTHERLY ALONG THE EASTERLY LINES OF SAID SUBLOTS NOS. 2 AND 1, 67.19 FEET; THENCE WESTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID SUBLOT NO. 1, ABOUT 134.89 FEET TO SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E.; THENCE SOUTHEASTERLY ALONG SAID NORTHEASTERLY LINE OF LAKEVIEW ROAD N.E., ABOUT 68.10 FEET TO THE PLACE OF BEGINNING, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

Permanent Parcel No. 110-21-008

Legibility poor on original document at time of recording.

Legal Description complies with Cuyahoga County Conveyance Standards and is approved for transfer

Frank Russo
CUYAHOGA COUNTY AUDITOR

1.31.00
Agent Date

CUYAHOGA COUNTY RECORDER
200001311638 PAGE 4 of 4

**Stacey E. Polk**
**Attorney and Counselor at Law**

13110 Shaker Square, Suite 125
Cleveland, Ohio 44120

(216) 691-6347 Tel
(216) 691-6018 Fax

February 11, 2000

Dennis G. Morton
Director
Multifamily Program Center
U. S. Department of Housing & Urban Development (HUD)
The Renaissance Building
1350 Euclid Avenue, Suite 500
Cleveland, Ohio 44115

Re: Solo Ventures, LLC v. Y/A.W.A.R.E. Programs, Inc. and Diversity Institute, Inc., case no. 372525

Dear Mr. Morton:

Dear Mr. Morton:

I enclose for your review and file certified copies of documents verifying current ownership of the buildings located at 849, 043, 969, and 973 Lakeview Road, Cleveland, Ohio 44108. The following documents stem from the captioned case and reach current ownership:

1. Journal Entry of Partial Default Judgment – against Defendant Y/A.W.A.R.E. Programs, Inc., rescinding, nullifying and voiding the transfer from Y/A.W.A.R.E. Programs, Inc. to Diversity Institute, Inc., and re-vesting ownership in Y/A.W.A.R.E. Programs, Inc.;

2. Real Estate Conveyance Agreement by and between Y/A.W.A.R.E. Programs, Inc. and Solo Ventures, L.L.C. (original document);

3. Assignment of HUD Section 8 Contract OH12-E000-003 from Y/A.W.A.R.E. Programs, Inc., Assignor to Solo Ventures, L.L.C., Assignee (original with attached open consent document pending HUD approval);

4. Warranty Deed from Y/A.W.A.R.E. Programs, Inc., Grantor, to Solo Ventures, L.L.C., Grantee;

5. Warranty Deed from Solo Ventures, L.L.C. to Forest Glen Properties, L.L.C., and

6. Notice of HUD inspection to occur February 14, 2000; hand delivered with signed receipt.

Frederick D. Harris and Andrew Jackson (both of whom you met previously) have formed Forest Glen Properties, L.L.C. to be the ownership entity for the buildings.

The property manager for the site is Great Shore Management, L.L.C. (related party). Derrick Gant is the on-site manager.

Since gaining title to the Property, the new owner has invested time and resources to improve the condition of the property as well as to meet HUD's technical requirements of ownership and management. The majority of the unit assessments have been completed. The building systems repair and replacement issues are being addressed. The management should become TRACS compliant within the next ten business days. TRACS training is scheduled for next week. The owner's tax identification number has been provided and the Receivership account has been established. The MIO Plan is being developed.

If you have any questions or comments regarding this letter or enclosures, please contact me.

Sincerely yours,

Stacey E. Polk, Esq.

cc: Rick Boley (w/ enclosures)
Frederick D. Harris (w/out enclosures)
Andrew Jackson (w/out enclosures)
Steven L. Bradley, Receiver (w/out enclosures)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

DEPARTMENTAL ENFORCEMENT CENTER
Chicago Satellite Office
77 W. Jackson Blvd., Suite 2207
Chicago, Illinois 60604-3507

Tel (312)353-5895 Fax (312)886-1405

MAR 23 2000

Ms. Betty Butler, CEO/Executive
Y./A.W.A.R.E. Programs Inc.
P. O. Box 5524
Mansfield, Ohio 44901

SUBJECT: Subsidy Contract
Project No. Non-Insured/Section 8# OH12-E000-003
Lakeview Gardens
Cleveland, Ohio

Dear Ms. Butler:

As you know, the Department of Housing and Urban Development Real Estate Assessment Office has re-inspected the property and the property continues to fail to meet the decent, safe and sanitary standard required for a property to be eligible to receive housing assistance payments. The first inspection conducted in October of 1998 evaluated the property as an "8c*", the second inspection, which occurred on February 15, 2000, evaluated the property as a "26c*" with twenty-five exigent, health and safety findings. As a direct result, the subsidy contract for Lakeview Gardens will not be renewed. In addition, in order to protect the residents of this project, Section 8 vouchers will be provided to the residents.

The current owner of Lakeview Gardens, could be in a position to accept vouchers if the units at Lakeview Gardens pass the housing standards of the Cuyahoga Metropolitan Housing Authority (CMHA). You should contact CMHA to learn more about that program.

If you have any questions or concerns, please contact Mr. Ron Bailey, Senior Project Manager, Enforcement at (216) 522-4058, Ext. 7180.

Sincerely,

Walter Mozdzierz
Acting Director
Chicago Departmental Enforcement Center

Dennis G. Morton
Director
Cleveland Multifamily Program Center

cc: Forest Glen, L.L.C.
Steven Bradley, Attorney At Law
Solo Ventures

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

DEPARTMENTAL ENFORCEMENT CENTER
Chicago Satellite Office
77 W. Jackson Blvd., Suite 2207
Chicago, Illinois 60604-3507

Tel. (312)353-5893 Fax (312)886-1405

MAY 16 2000

**BY FAX AND CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
#Z 232 144 877

Stacey Polk
Attorney at Law
Forest Glen, L.L.C./Solo Ventures
13110 Shaker Square, Suite 125
Cleveland, Ohio 44120

SUBJECT: Lakeview Gardens
Cleveland, Ohio
Section 8# OH12-E000-003

Dear Ms. Polk:

As was agreed among our respective clients at the April 14, 2000 meeting, at HUD's Cleveland Multifamily Housing Office, representatives of the Chicago Satellite Office Enforcement Center and the Cleveland Office visited the former Lakeview Gardens Apartments on April 26, 2000. The purpose of this visit was to determine whether the project met HUD's Physical Condition Standards and Inspection Requirements, 24 C.F.R. Part 5, Subpart G.

As you know, the project was last inspected by HUD's Real Estate Assessment Center (REAC) on February 15, 2000. It scored 26 points of a total possible 100 points, and was rated "c*" because twenty-five exigent, health and safety findings were also identified. Consistent with your clients' representations, the project, now known as Forest Glen Apartments, some improvements had been made to the project. However, and notwithstanding numerous notices to bring the project into compliance, the project clearly continues to fail to meet the decent, safe and sanitary conditions required by HUD. As examples, numerous exigent health and safety findings, such as exposed electrical wires in the basement and missing breakers, along with severe findings such as inoperable stoves, missing smoke detectors, and exposed heating coils, continue to plague the project. These deficiencies are material, have existed for many months, and constitute events of default of any Housing Assistance Payments (HAP) Contract with HUD; whether such HAP Contract is between HUD and the former project owner, or otherwise. The Management Improvement and Operating (MIO) Plan that was delivered at the April 14, 2000, meeting did not adequately address all the project's deficiencies, particularly in light of the dire physical condition of the property. Funding any MIO Plan through anticipated HAP Contract proceeds is unacceptable to HUD.

Accordingly, the HAP Contract for the project will not be assigned to the current owner and will not be renewed. In further protection of the tenants, the voucher process which has already begun, will continue. The current owner may be in a position to accept these vouchers if the units pass the housing standards of the Cuyahoga Metropolitan Housing Authority (CMHA) and the tenant elects to remain in the unit. However, and absent another lawful basis, the tenants' share of rent at the project may not be increased earlier than the 1-year anniversary of the last extended HAP Contract with the former project owner. Depending on the actions of the former court appointed receiver as described in the next paragraph, this 1-year anniversary is either September 13, 2000, or January 14, 2001.

As we also discussed at the April 14, 2000, meeting, with regard to the former court appointed receiver obtaining payments for the 120-day HAP Contract extension for the period September 14, 1999 to January 13, 2000, our office has not received a court order declaring that the receiver had authority to sign the HAP Contract extension on behalf of the former owner. The receiver must also submit proper requests for payment through TRACS. Those requirements are set forth in HUD Handbook 4350.3, Change 27, Appendix 11. If you do not already have this Handbook, it is available on the Internet or upon request to our office. HUD may then process the claims for that period.

We appreciate your efforts in these regards. Any further inquiries may be directed to Supervisory Team Leader Walter Mozdzierz at (312) 353-5895, Ext. 2059, or Enforcement Attorney Laura Arnolds at Ext. 2238.

Sincerely,

for Margarita Maisonet
Director
Chicago Departmental Enforcement Center

Dennis G. Morton
Director
Cleveland Multifamily Program Center

cc: Steven Bradley