***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC | ) | Case No. 05-1006C |
| | ) | |
| Plaintiff | ) | Judge Wolski |
| | ) | |
| vs. | ) | ***PLAINTIFF'S MEMORANDUM CONTRA*** |
| | ) | ***DEFENDANT'S MOTION TO DISMISS FOR*** |
| UNITED STATES OF AMERICA | ) | ***LACK OF SUBJECT-MATTER JURISDICTION*** |
| | ) | ***AND*** |
| Defendant | ) | ***MOTION TO SUSPEND DISPOSITIVE MOTION*** |
| | ) | ***RULING UNTIL AFFIDAVIT OBTAINED*** |

In R.C.F.C. 12(b) practice, Defendant urges the Court to dismiss the Complaint because the Plaintiff was not party to the contract at issue:

> "To the extent these documents, which predate the transfer of the property to Forest Glen, are the source of contractual obligations, these obligations would be between HUD and the receivers, and not between HUD and Forest Glen. Because Forest Glen was not in contractual privity with the United States, it cannot state a claim for breach of contract against the government."

Defendant's Brief, p. 7.

However, since the Complaint's first paragraph alleges that Plaintiff derives its standing to sue as assignee of the Receivers for Lakeview Gardens, Ltd., et al., the Defendant has strayed from the pleadings to assert the basis for its motion. As such, Rule 12(b) is simply not the appropriate procedural vehicle for disposition of the action at this juncture. See *Blue Dot Energy Co., Inc. v. US*, Fed. Cl. 2004, 61 Fed. Cl. 548, wherein this Court denied Defendant's motion to dismiss, for want of subject-matter jurisdiction, because the fact-specific "standing" issue is more appropriately resolved on summary judgment, not under Rule 12(b).

Accordingly, for this reason alone, Defendant's motion to dismiss should be DENIED.

* * *

A step further and per the attached R.C.F.C. 56(f) affidavit, the Plaintiff is currently formalizing its "assignee" status, through the Cuyahoga County, Ohio Court of Common Pleas, absent which it cannot presently oppose Defendant's dispositive motion in Rule 56 practice.

Accordingly, Plaintiff moves the Court to suspend its ruling on the motion until given the opportunity to formalize its "assignee" status in opposition. See R.C.F.C. 12(b).

GUARNIERI & SECREST, P.L.L.

s/Michael D. Rossi________________________
MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482
(330) 393-1584
ATTORNEY FOR PLAINTIFF

***CERTIFICATE OF SERVICE***

I hereby certify that on January 17, 2007, a copy of the foregoing Plaintiff's Memorandum Contra Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction was filed electronically. Notice of this filing will be sent to all parties by operation to the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael D. Rossi______________________
MICHAEL D. ROSSI
ATTORNEY FOR PLAINTIFF