**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1006C |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Forest Glen Properties, LLC ("Forest Glen") makes two arguments in opposition to our motion to dismiss. Neither is compelling.

First, relying upon Blue Dot Energy Co. v. United States, 61 Fed. Cl. 548 (2004), Forest Glen asserts that, because we have relied upon materials outside the complaint, a motion to dismiss pursuant to Rule 12(b)(1) "is simply not the appropriate procedural vehicle for disposition of the action at this juncture." However, in Blue Dot, the issue that the Court declined to address upon a motion to dismiss was the standing of a bid protestor to challenge a procurement where it lacked a certificate required to perform the contract to be awarded. Id. at 549. This question was entirely separate from the jurisdictional issue raised in our motion, namely, whether there is a contract between plaintiff and the United States. Indeed, this Court has recognized that where, as here,"a motion for dismissal due to lack of subject matter jurisdiction is based on disputed facts bearing on the issue of jurisdiction, . . . evidence beyond the pleadings may be considered and the plaintiff must demonstrate jurisdiction by a preponderance of the evidence." Englewood Terrace Limited Partnership v. United States, 61 Fed. Cl. 583, 584 (2004) (citing Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746, 747-48 (Fed. Cir. 1988)). Further, to the extent the Court deems the existence of a contract to be

intertwined with the merits of the case, there is no reason why the motion should not be converted into a motion for summary judgment pursuant to RCFC 12(b).

Forest Glen's second argument, which it couches as a motion to suspend pending the execution of an affidavit and an assignment of rights pursuant to the renewal of the HAP contract at issue, fares no better. As explained in our motion to dismiss, regardless of whether the receivers have purported to assigned their interest in the HAP contract to another party, the contract specifically conditioned any transfer of rights the prior written consent of HUD, and HUD never consented to the transfer of the rights in the contract to Solo Ventures or Solo Venture's assignee, Forest Glen. A9, 64-65.[1] Forest Glen cannot establish that it is in contractual privity with the United States, and its claims must therefore be dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, and for the reasons stated in our motion to dismiss, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction.

---

[1] The affidavit of Forest Glen's counsel, Michael D. Rossi, includes the statements of Forest Glen's principal, Dr. Frederick Harris, indicating that Forest Glen provided "decent, safe and sanitary housing" to eligible families during the time periods in question. Beyond the fact that these statements are unsigned, they do not change the undisputed fact that HUD did not approve the transfer of rights under the HAP contract to Solo Ventures, or to Solo Ventures's assignee, Forest Glen.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit , 8th Floor
Washington, D.C. 20530
Telephone: (202) 353-0527
Fax: (202) 305-2118

Attorneys for Defendant

OF COUNSEL:
STACEY E. SINGLETON
Trial Attorney
Office of Litigation

GREGORY G. GUSTIN
Associate Regional Counsel
for Program Enforcement
Departmental Enforcement Center

Department of Housing and Urban Development

February 2, 2007