***IN THE UNITED STATES COURT OF FEDERAL CLAIMS***

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC | ) | Case No. 05-1006C |
| | ) | |
| Plaintiff | ) | Judge Wolski |
| | ) | |
| vs. | ) | ***PLAINTIFF'S SUPPLEMENTAL MEMORANDUM CONTRA DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION*** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

In supplemental fashion, as it has now formalized its "assignee" status, infra, Plaintiff ("Forest Glen") further responds to Defendant's captioned Motion to Dismiss, as follows:

We recall that the Defendant ("HUD") entered into a Housing Assistance Payments Renewal Contract with Steven L. Bradley or Mark Marein, Receivers for Lakeview Gardens, Ltd., for the contract term, 9/14/99 through 1/13/00; and that, on 1/14/00, HUD offered those Receivers another Renewal Contract for the term, 1/14/00 through 4/13/00. See attachments to attached Affidavit of Frederick D. Harris, M.D.

Further per that affidavit, the eligible families at Lakeview Gardens were provided "decent, safe and sanitary housing" throughout the entire period, 9/14/99 through 4/13/00. As such, HUD is responsible for the 9/14/99-1/13/00 contract price under the parties' express contract that was substantially performed;[1] and for the 1/14/00-4/13/00 contract price under their

---

[1] Indeed, HUD would later admit that the only reason for its failure to pay the 9/14/99-1/13/00 contract price was the Receivers' failure to include their Tax Identification Number in their request for payment. Deposition of John Schuster ("Schuster Depo."), pp. 43-44 and Plaintiff's Depo. Ex. 4.

implied contract[2] that was likewise performed.[3]

And finally, per the Assignment attached to that affidavit, Forest Glen has "real party in interest" standing to bring and maintain this action, as the Receivers' assignee, a fact that defeats HUD's "contractual privity" argument found at pp. 7-8 of its motion's supporting brief.

Such should suffice for denying HUD's Motion to Dismiss; however, on review of its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Etc., we find that HUD would shirk its "contract price" responsibility, supra, because "HUD never consented to the transfer of the rights in the contract," a contract that did provide for HUD's prior written consent to assignment. As such, we now turn to the efficacy of that "prior written consent" provision under the facts and circumstances presented.

At issue is the following provision found at ¶ 2.20(a) of the Housing Assistance Payments Contract that is, by reference, incorporated into the Receivers' renewal contracts via ¶ 2 of the 9/14/99-1/13/00 Renewal Contract:

> "The Owner agrees that it has not made and will not make any sale, assignment, or conveyance or transfer in any fashion, of this Contract, the Agreement, the ACC (if applicable), or the project or any part of them or any of its interest in them, without the prior written consent of HUD …"

Here, despite acknowledging that the only impediment to paying the Receivers for their performance of the 9/14/99-1/13/00 Renewal Contract was their failure to provide a TIN, supra

---

[2] For the proposition that an offer is accepted, thus a contract made, where the offeree begins performance without rejecting the offer, see *Nagle Heating & Air-Conditioning Co. v. Heskett*, 66 Ohio App.3d 547 (Scioto 1990), at 550 relying on *Richard A. Berjian, DO v. Ohio Bell Tel. Co.*, 54 Ohio St.2d 147, 153 (1978).

[3] On the "substantial performance" issue for the latter contract term, HUD would also concede the unreliability of its 2/15/00 "second REAC inspection," to which reference is made in ¶ 6 of the Declaration of John A. Schuster filed in support of HUD's motion. See the following exchange contained at p. 72 of the Schuster Depo:

"Q. Was there -- did they have -- after March 23, '00, are you telling me that this landlord, whoever it was, had another chance to make it right?
Mr. Averbach: Objection. Calls for legal conclusion.
A. It's possible that the REAC inspection score might not actually be a good indicator with regards to the physical condition.
Q. And why would that be?
A. Because the program was just starting, and we had large variances between scores.
Q. So, the F could have been a C?"

at fn. 1, HUD urges that since it never provided its "prior written consent" to the Assignment from the Receivers to your Plaintiff, it has no obligation to pay for the 9/14/99-4/13/00 substantial performance of the renewal contracts by the Receivers and the Plaintiff respectively.

HUD takes this position, now, despite its awareness of the "ownership dispute" giving rise to the Lakeview Gardens receivership and its sequelae;[4] its awareness of Attorney Stacey Polk's representation of "the owner" throughout;[5] and, most importantly, its receipt of Attorney Polk's 2/11/00 transmittal, "verifying current ownership" of Lakeview Gardens as that of Plaintiff, Forest Glen Properties, LLC, and concluding with:

> "Since gaining title to the Property, the new owner has invested time and resources to improve the condition of the property as well as to meet HUD's technical requirements of ownership and management. The majority of the unit assessments have been completed. The building systems repair and replacement issues are being addressed. The management should become TRACS compliant within the next ten business days. …"[6]

In fact, without ever raising the "prior written consent to assignment" issue or alluding to its contract provision, supra, HUD would continue to correspond with Attorney Polk, and Plaintiff would continue to perform the 1/14/00-4/13/00 renewal contract until communication eventually broke down in 6/00. See Schuster Depo., Plaintiff's Depo. Exs. 7 and 10 through 16.

For the view that a "waiver" of a given right occurs where there is a failure to act amounting to an estoppel, or by a party's conduct that is inconsistent with an intent to claim such right, see *National City Bank v. Rine*, 162 Ohio App.3d 662 (Portage 2005) and *Mark-it Place Foods, Inc. v. New Plan Excel Realty Trust*, 156 Ohio App.3d 65 (Scioto 2004). Such is exactly what occurred here and, as a matter of waiver, HUD may not be now heard to complain that it ought not pay the contract price because it never gave its prior written consent to an Assignment, of which it was wholly aware throughout and as a result of which it enjoyed the

[4] Schuster Depo., p. 12.
[5] *Ibid.*, p. 39; and Plaintiff's Depo. Exs. 4 and 5, reflecting Attorney Polk's successive representation of the Receivers and of this action's Plaintiff.
[6] *Id.*, Plaintiff's Depo. Ex. 5.

fruits of substantial contract performance.

For these supplemental reasons as well as those expressed in Plaintiff's earlier Memorandum Contra, Defendant's Motion to Dismiss should be DENIED.

GUARNIERI & SECREST, P.L.L.

s/Michael D. Rossi______________________
MICHAEL D. ROSSI (#0005591)
151 East Market Street
P.O. Box 4270
Warren, Ohio 44482
(330) 393-1584
ATTORNEY FOR PLAINTIFF

***CERTIFICATE OF SERVICE***

I hereby certify that on February 9, 2007, a copy of the foregoing Plaintiff's Supplemental Memorandum Contra Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction was filed electronically. Notice of this filing will be sent to all parties by operation to the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael D. Rossi____________________
MICHAEL D. ROSSI
ATTORNEY FOR PLAINTIFF