**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1006C |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW**

Plaintiff, Forest Glen Properties, LLC, has moved for leave to file a "supplemental memorandum contra defendant's motion to dismiss for lack of subject-matter jurisdiction." The motion for leave should be denied, and plaintiff's filings pursuant to its motion (docket entries nos. 23-24) should be stricken.

Plaintiff asserts in its motion that it is entitled to file a sur-reply because (1) it has "formalized its 'assignee' standing to maintain this action; and (2) our reply brief in further support of our motion to dismiss "raises new matter that ought to be addressed in the interest of a thorough review by the Court." Both contentions are inaccurate.

First, Forest Glen has not formalized its assignee status. Instead, it has submitted what purports to be an assignment of interest in the HAP contract from the receivers for the property directly to Forest Glen (skipping the transfer to Solo Ventures).[1] However, Forest Glen does not account for the fact that HUD never approved the assignment of any rights under the HAP contract, as is required under the plain terms of the agreement to effectuate a transfer of rights. As we explained in our motion to dismiss, as an unapproved transferee (or, more accurately, the

[1] The document, which Forest Glen's attorney stated in his January 16, 2007, affidavit was "unsigned" due to the pendency of the receiver's attempt to reopen its receivership, is dated "September 2006"

unapproved transferee of an unapproved transferee) of rights under the HAP contract, Forest Glen is not and never has been in contractual privity with the United States and, without such standing, cannot bring a claim for breach of contract against the United States in this Court.

Second, there is no "new matter" in our reply brief that excuses Forest Glen's omission of material from its opposition to our motion to dismiss. Our reply brief spanned two pages and (1) contested Forest Glen's assertion in its opposition brief that the matter should not be resolved by reference to materials outside the complaint; and (2) repeated our assertion, made in our motion to dismiss, that no assignment would be effective without HUD's consent. Any arguments Forest Glen seeks to include in its supplemental brief could have been raised in opposition to our motion but, for reasons known only to its counsel, were not.

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for leave to file a supplemental memorandum of law and strike docket entries 23 and 24 from the record. In the alternative, should the Court grant plaintiff's motion for leave, we respectfully request leave of the Court to file a reply to plaintiff's supplemental memorandum within ten days of the Court's order granting plaintiff's motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit , 8th Floor
Washington, D.C. 20530
Telephone: (202) 353-0527
Fax: (202) 305-2118

Attorneys for Defendant

OF COUNSEL:
STACEY E. SINGLETON
Trial Attorney
Office of Litigation

GREGORY G. GUSTIN
Associate Regional Counsel
for Program Enforcement
Departmental Enforcement Center

Department of Housing and Urban Development

February 12, 2007