# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 05-1006C
(Filed June 14, 2007)

* * * * * * * * * * * * * * * * * * * * * * *
**FOREST GLEN PROPERTIES, LLC,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Before the Court is defendant's motion to dismiss this case for lack of subject matter jurisdiction. Plaintiff contends that a Housing Assistance Payments ("HAP") contract with the Department of Housing and Urban Development ("HUD"), which was allegedly assigned to plaintiff, is the basis for this Court's jurisdiction. *See* Compl. at 1; Pl.'s Suppl. Mem. at 1. Defendant disputes that any contract existed between plaintiff and HUD, and seeks to dismiss on that ground. Def.'s Mot. at 1-2. Because jurisdictional facts are disputed, the Court may look outside the pleadings to determine whether plaintiff has successfully demonstrated, by a preponderance of the evidence, that jurisdiction is satisfied. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 747-48 (Fed. Cir. 1988); *Englewood Terrace Ltd. Partnership v. United States*, 61 Fed. Cl. 583, 584 (2004).

The HAP contract at issue was originally entered into between HUD and Lakeview Gardens, Ltd. ("LGL"), which was the owner and operator of the Lakeview Gardens apartment complex in Cleveland, Ohio. *See* Def.'s Mot. App. 10-37. The contract contains a term forbidding assignment without the written consent of HUD. Def.'s Mot. App. 34. Apparently, when LGL conveyed the Lakeview Gardens property to Y/A.W.A.R.E Programs, Inc. ("Y/A.W.A.R.E"), HUD consented to LGL's assignment of the HAP contract to Y/A.W.A.R.E. *See* Def.'s Mot. at 2.[1] Y/A.W.A.R.E. in turn attempted to convey the property to Diversity Institute in October 1998. *See* Def.'s Mot. App. 8, 41. Solo Ventures, LLC, Y/A.W.A.R.E's

---

[1] The Court notes that no written consent to this assignment appears among the documents in the appendix to defendant's motion. Whether HUD could, and did, modify the consent clause terms by its conduct and practice has not been raised as an issue by plaintiff.

mortgagor, sued Y/A.W.A.R.E in state court to prevent the transfer, and receivers were appointed on August 26, 1999 to escrow the funds generated by the property in dispute. *Id.* 38-39. The initial HAP contract expired on September 13, 1999, and on October 25, 1999 the receivers entered into a contract with HUD retroactively extending the HAP contract for four months, through January 13, 2000. *Id.* 3-4. On December 21, 1999, during the contract extension period, Y/A.WA.R.E. conveyed the Lakeview Gardens property to Solo Ventures, Def.'s Mot. App. 45-52, and conditionally assigned the HAP contract to Solo Ventures, "subject to the written consent required by" HUD. *Id.* 53. On January 14, 2000, HUD offered to renew the HAP contract for an additional 120 days, in a letter addressed to the receivers. *Id.* 6-7. The renewal contract was apparently never executed and returned to HUD. Def.'s Mot. App. 9. On January 29, 2000, Solo Ventures sold the Lakeview Gardens property to plaintiff. Def.'s Mot. App. 56.

Plaintiff does not dispute that the copy of the HAP contract contained in the appendix to defendant's motion is a true copy of the contract concerning the Lakeview Gardens apartments. It attached to its complaint a copy of the renewal contract executed by the receivers and HUD, which referenced the expiring contract for project number OH12-E000-003. *See* Att. to Compl. at 1. The renewal contract stated that "[a]ll terms of the Expiring Contract are renewed except for those provisions relating to contract rents and rent adjustments." *Id.* Among those terms was the provision that the apartment project "Owner agrees that it has not made and will not make any sale, assignment, or conveyance or transfer in any fashion, of this Contract, the Agreement, . . . or the project or any part of them or any of its interest in them, without the prior written consent of HUD . . ." Def.'s Mot. App. 34. Thus, the consent requirement was a term of the contract plaintiff alleges was assigned.

Plaintiff not only does not present any evidence demonstrating the written consent of HUD for the assignment -- it does not even allege that such consent was granted. Without a valid assignment of the HAP contract, there would be no contractual relationship between plaintiff and the United States, and thus no basis for this Court's jurisdiction. Normally, this would be the end of the matter.

Plaintiff, however, moves for leave to file a supplemental memorandum opposing the government's motion to dismiss, arguing that "it has now formalized its 'assignee' standing." Pl.'s Mot. for Leave. Attached to the supplemental memorandum was an undated document,[2] signed by the receivers, purporting to assign the HAP renewal contract to plaintiff. Pl.'s Suppl. Mem. Ex. 1 at 2. Although the exact date is unknown, this document was signed more than seven years after the HAP renewal contract expired, and "several years" after the receivership terminated, apparently upon the reopening of the receivership for this purpose. Rossi Aff. ¶¶ 5-6. But in any event, without written HUD consent, such a document does not assign the contract and cannot establish a contractual relationship between plaintiff and the United States.

---

[2] The document is dated "September , 2006," as was the copy that was unsigned as of January 16, 2007. *See* Rossi Aff. ¶ 5 & Att. 1 (filed Jan. 23, 2007).

Plaintiff argues that the government's reply memorandum supporting the motion to dismiss raised "new matter" justifying the filing of a supplemental memorandum. Pl.'s Mot. for Leave. What constitutes "new matter" is not explained, but the Court presumes it is the explanation in the reply that information outside the pleadings could be considered when jurisdictional facts are at issue, a proposition that was implicit -- but not explicitly stated -- in defendant's motion. Plaintiff's initial opposition challenged this procedure. *See* Pl.'s Mem. Contra Def.'s Mot at 1. Finally realizing that information outside the pleadings may be considered, plaintiff submits attachments which it believes tend to show that the government should be estopped from enforcing the written consent clause, apparently under a waiver or implied contract theory. *See* Pl.'s Suppl. Mem. at 3-4. The government opposes the filing of these materials, and requests in the alternative the right to file a reply to the supplemental memorandum.

Under the circumstances, the Court **GRANTS** plaintiff's motion for leave to file the supplemental memorandum and accompanying exhibits. Defendant may file a reply to the supplemental memorandum on or by **June 25, 2007**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge