**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1006C |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**SUPPLEMENTAL MEMORANDUM OF LAW**

Pursuant to the Court's order of June 14, 2007, defendant, the United States, submits this reply to plaintiff's "supplemental memorandum contra defendant's motion to dismiss for lack of subject-matter jurisdiction."

Plaintiff argues that HUD has waived its right to insist upon compliance with the terms of the HAP contract it issued, and specifically the requirement that it approve any transfer of rights under the contract, because it "[n]ever rais[ed] the 'prior written consent to assignment issue' or allud[ed] to [this] contract provision." This assertion ignores HUD's unequivocal written statement on May 16, 2000 that, because of unfavorable inspection scores and the unacceptability of the management and operating plan, "[t]he HAP contract for the project will not be assigned to the current owner." Def. App. at 64-65. Based upon this document alone, it is difficult to understand how HUD could possibly have waived its right to assert its rights under a part of the HAP contract at issue.

Further, HUD raised the issue of approving the assignment of a transferee long before May 16, 2000. Indeed, HUD communicated the need to approve any transferee as early as January 2000, when it explained to the receiver and plaintiff's attorney that it was evaluating a proposed transfer to plaintiff's direct assignor, Solo Ventures, LLC (which transferred the

property to plaintiff on January 29, 2000). Def. App. at 6 (January 14, 2000 letter from HUD to receiver, with copy to plaintiff's attorney, noting that it was evaluating proposed "ownership and management's capacity to provide decent, safe, and sanitary long-term housing"). HUD conducted an inspection of the property on February 15, 2000 in accordance with this letter, and determined that the property was still in substandard condition. Def. App. at 9. Its representatives visited the property a second time on April 26, 2000, and again determined that the property was not habitable. Def. App. at 64. It was only at this point, and upon this basis, that HUD elected not to approve the transfer of the interest in the HAP contract to plaintiff. Def. App. at 64-65.

As the record makes clear, the property at issue was transferred in a dizzying series of transactions in late 1999 and early 2000. HUD entered into a contract with the receiver for the property and offered to renew that contract with the receiver. However, plaintiff had no role in these transactions and was not the owner of the property or an interest in the contract at the time either of the renewal contract or the offer to extend the renewal. HUD's actions in offering to extend the initial renewal of the HAP contract in no way means that it approved the transfer of the interest in the HAP contract to plaintiff's assignor, let alone to plaintiff. Plaintiff never entered into (or was assigned an interest in) a contract with HUD and, although it may dispute HUD's determination that the condition of the property was substandard, review of such a determination is beyond the jurisdiction of this Court. Because plaintiff was never in contractual privity with HUD, its claim must be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

OF COUNSEL:
STACEY E. SINGLETON
Trial Attorney
Office of Litigation

GREGORY G. GUSTIN
Associate Regional Counsel
for Program Enforcement
Departmental Enforcement Center

Department of Housing and Urban Development

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit , 8th Floor
Washington, D.C. 20530
Telephone: (202) 353-0527
Fax: (202) 305-2118

June 22, 2007

Attorneys for Defendant