**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-1006C |
| v. | ) | |
| | ) | (Judge Wolski) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff, Forest Glen Properties, LLC ("Forest Glen"), has moved for leave to file an amended complaint. The one-page motion, which relies upon the conclusory assertion that "[j]ustice requires that the requested leave be freely allowed," should be denied.

As an initial matter, plaintiff fails to mention that the operative events giving rise to this lawsuit took place in 1999 and 2000, and that the remaining claims in the complaint accrued on or about January 13, 2000 (with respect to Count I) and April 14, 2000 (with respect to Count II), the end of the terms of the contracts at issue (or claimed to be at issue) in this case. See Complaint at 1-2.[1] The jurisdiction of this Court is limited by the statute of limitations set forth at 28 U.S.C. § 2501. To satisfy the statute of limitations, a complaint must be filed within six years of the date upon which the claim first accrued. See 28 U.S.C. § 2501. As a result, there can be no dispute that, if the putative receiver plaintiffs filed a lawsuit today, their claims would be untimely.

---

[1] The underlying Housing Assistance Payment ("HAP") contract, which the contracts at issue in this case renew (or purport to renew), require the submission, upon a monthly basis, of requests for housing assistance payments. See Appendix in Support of Defendant's Motion to Dismiss at 22. Neither the plaintiff nor the putative receiver plaintiffs provided a request for payment in the form and manner specified by HUD.

It is true that, pursuant to RCFC 15(c), a party's amendment of its complaint may "relate back" to the date of the original pleading. However, "[t]he general rule ... is that ... relation back does not extend to amendments that add new parties or causes of action." Fifth Third Bank v. United States, 52 Fed. Cl. 829, 832 (2002); see also Bank of America, FSB v. United States, 51 Fed. Cl. 500, 512-14 (2002) (discussing the overlap between RCFC 15 and RCFC17, and stating that, where claims of new party are based upon the same transaction, Rule 17 may provide the "better conceptual framework"). Regardless of which rule is invoked, however, among the most important considerations in determining whether a proposed amendment should be deemed to relate back is the avoidance of prejudice to defendant. Fifth Third, 52 Fed. Cl. at 832; Bank of America, 61 Fed. Cl. at 514.

In this case, the addition of an additional plaintiff would impose substantial prejudice upon the Government. Discovery has closed. The Government received no information from the putative receiver plaintiffs during discovery, either in the form of mandatory disclosures required by RCFC 26 or document or deposition discovery (and, given that the receivership had apparently been terminated for years, was not in a position to seek such information). Further, the Government had no opportunity during discovery to depose the putative receiver plaintiffs about the (undated) assignment that Forest Glen provided to the court on February 9, 2007 as part of its effort, according to Forest Glen's counsel, to "formalize" its status as the assignee of the putative plaintiffs after the Government filed its motion to dismiss. The Government will be prejudiced if the putative receiver plaintiffs, having avoided the need to provide the mandatory disclosures and having apparently ceased their responsibilities as receivers for a period of years, are permitted to testify at trial as parties about the events leading up to this assignment, whether

they took place in 1999-2000 or in 2006-07.

Relatedly, it bears noting that the assignment that Forest Glen attempted to "formalize," and upon which it bases its argument that joinder is appropriate, merely states that the receiver has assigned to Forest Glen its interest in the "attached Housing Assistance Payments Renewal Contract," and does not expressly speak to the January 14, 2000, letter upon which Count II of the complaint is based (and which Dr. Frederick Harris, tellingly, refers to in his February 7, 2008, affidavit as the "derivative Renewal Offer."). The only logical conclusion to be drawn from Dr. Harris's affidavit and the accompanying assignment is that the assignment that was allegedly "formalized" never included the transfer of any interest in a contract formed by any acceptance of HUD's January 14, 2000, letter, and that the interest in this contract was never in fact transferred. For reasons unknown to the Government, the owners of this claim chose not to pursue it.[2]

Moreover, regardless of whether the assignment at issue conveys the interests that Forest Glen contends that it conveys, Forest Glen's attempt to amend the complaint is futile because it does not add the party that, according to the theory postulated by the Court's order of December 20, 2007, would appear to be the proper party (or, at a minimum, a necessary party) to the HAP renewal contract at issue in this case. The Court's denial of our motion to dismiss rested upon the theory that the Department of Housing and Urban Development "understood the receiver to be acting for" Solo Ventures, LLC ("Solo Ventures") and that HUD was therefore "indifferent to

[2] We also note that the motion to amend has been filed by Forest Glen, without any independent assertion by the receivers that they are interested in pursuing (or are able to pursue) either claim. We express no opinion as to whether the same counsel is capable of representing Forest Glen and the putative plaintiffs simultaneously.

the property owner's identity when the HAP renewal contract was executed." Forest Glen Properties, LLC v. United States, 79 Fed. Cl. 669, 680-81 (2007). If this is the case, then there is no reason why the transfer of any rights in the HAP contract, including any rights in any subsequent renewals, were not transferred to Solo Ventures pursuant to Section 12 of the Real Estate Conveyance Agreement dated December 21, 1999 between Y./A.W.A.R.E. and Solo Ventures (set forth at page 47 of the appendix filed in support of our motion to dismiss) and the accompanying Assignment executed on the same day (set forth at page 53 of the same appendix). Indeed, Dr. Harris testified during his deposition that, notwithstanding the absence of its written consent to the assignment, HUD "understood that this is what we were doing" based on his "conversation with Mr. [Dennis] Morton, the [D]irector" of HUD's Cleveland Multifamily Program Center. A4.[3] If one accepts Dr. Harris's assertion as true, there is no reason to believe that the receiver had anything to convey when it purported to convey its rights under the renewal contracts to Forest Glen. Based upon the testimony of Dr. Harris and the documents that he executed, these rights appear to have been assigned to Solo Ventures, a party that Forest Glen has, again for reasons unknown, not sought to include in its proposed amended complaint.[4]

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for leave to file an amended complaint. In the alternative, should the Court grant plaintiff's

[3] "A __" refers to the appendix accompanying this submission, which contains excerpts from Dr. Harris's deposition, conducted on September 15, 2006.

[4] For the reasons set forth above, we would similarly expect to oppose any attempt to add Solo Ventures as a party. We further note that, notwithstanding the Court's suggestion at footnote 22 of its order of December 20, 2007, Solo Ventures and Forest Glen were not alter egos. Dr. Harris is the only member of Solo Ventures. Dr. Harris and Andrew Jackson are the two members of Forest Glen. A 2, 3.

motion for leave, we respectfully request that the Court reopen discovery so as to permit the Government to obtain written and deposition discovery from any new parties to the case.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit , 8th Floor
Washington, D.C. 20530
Telephone: (202) 353-0527
Fax: (202) 305-2118

Attorneys for Defendant

OF COUNSEL:
STACEY E. SINGLETON
Trial Attorney
Office of Litigation

GREGORY G. GUSTIN
Associate Regional Counsel
for Program Enforcement
Departmental Enforcement Center

Department of Housing and Urban Development

March 21, 2008

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 21st day of March, 2008, a copy of "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Andrew P. Averbach