# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 05-1006C
(Filed June 19, 2008)

* * * * * * * * * * * * * * * * * * * * * * *
**FOREST GLEN PROPERTIES, LLC,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Argument was held by telephone on June 17, 2008, concerning plaintiff's motion for leave to amend its complaint to add former receivers Steven L. Bradley and Mark Marein as plaintiffs. After careful consideration, and as discussed at the argument, plaintiff's motion is **GRANTED**.

Plaintiff's motion proposes an amendment based on the same set of transactions alleged in the initial complaint, which notified defendants of the receivers' existence and of the purported assignment of the contract to plaintiff. The Court is thus guided by the persuasive authority of *Bank of America v. United States*, 51 Fed. Cl. 500, 512, 514-15 (2002) and *Castle v. United States*, 48 Fed. Cl. 187, 194-95 (2000). Like the participation of investor-plaintiffs in *Bank of America*, who were joined in the original plaintiff's suit under Rule 17(a) of the Rules of the United States Court of Federal Claims ("RCFC"), joinder of the former receivers (as nominal parties in interest) would "in no way enlarge[] the fact, nature, or amount of the government's liability" were such liability to be established in the course of litigation. *See Bank of America*, 51 Fed. Cl. at 514 (citing cases); *see also Snoqualmie Tribe of Indians v. United States*, 178 Ct. Cl. 570, 589 (1967) (allowing an amended pleading where the old and new claims were sufficiently similar "that the government received adequate notice of the possibility that it might have to defend against a broader claim").

Joinder of the former receivers and amendment of the original complaint shall relate back, under RCFC 15(c)(2), to the date of the original pleading. *Cf.* RCFC 17(a) ("[S]uch ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."); *Barron Bancschares, Inc. v. United*

*States*, 366 F.3d 1360, 1369 (Fed. Cir. 2004) (applying the relation-back provisions of RCFC 15(c)(2) and focusing inquiry "'on the notice given by the general fact situation set forth in the original pleading'") (citation omitted); *Holland v. United States*, 62 Fed. Cl. 395, 401 (2004) (holding that relation-back occurs automatically with joinder of the real party in interest, without citation to RCFC 15(c)(2)).

During the argument, the government identified its only potential prejudice caused by allowance of the amendment to be its failure to have discovered facts from the former receivers prior to the close of discovery and its failure to have raised defenses that would apply only to the receivers as parties. Defendant acknowledged that reopening discovery and allowing for an amended answer would eliminate these concerns. It also became apparent during the argument that rather than merely adding the names of the receivers to the caption, an amended complaint (with allegations that are unchanged in substance) is warranted so that the initial complaint's references to "plaintiff" are not misconstrued. Accordingly, an amended complaint and answer will be allowed, and proceedings will follow this schedule:

- plaintiff to file an amended complaint on or by June 20, 2008;
- the receiver plaintiffs to make the RCFC 26 initial disclosures on or by July 7, 2008;
- defendant to answer the amended complaint on or by July 11, 2008;
- fact discovery to close on September 15, 2008; and
- a joint status report to be submitted on or by September 19, 2008, proposing a schedule for further proceedings (which may include dispositive motions).

Leave is given plaintiff to file an amended complaint to add the former receivers as parties, and is given defendant to file an amended answer to add defenses that could apply only to the receivers. The Court takes no position at this time on the question whether defenses which could have been raised against Forest Glen but were omitted from the initial answer have either been waived or may properly be raised in the amended answer.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge