IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FOREST GLEN PROPERTIES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 05-1006C |
| | ) | (Judge Wolski) |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO AMENDED COMPLAINT

For its answer to the amended complaint, defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in the first unnumbered paragraph constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

The allegations contained in the second unnumbered paragraph constitute plaintiffs' characterization of their case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

FIRST CLAIM

1. Admits the allegations contained in paragraph 1 of the first claim to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1 of the first claim.

2. The allegations contained in paragraph 2 of the first claim constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the first claim constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

SECOND CLAIM

1. Admits the allegations contained in paragraph 1 of the second claim to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1 of the second claim.

2. The allegations contained in the paragraph 2 of the second claim constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the second claim constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

THIRD CLAIM[1]

1. Denies the allegations contained in paragraph 1 of the third claim for lack of knowledge or information sufficient to form a belief as to their truth.

2. The allegations contained in paragraph 2 of the third claim constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

[1] Forest Glen Properties, LLC voluntarily withdrew its third claim on January 17, 2007. The Government understands this claim to have been inadvertently included in plaintiffs' amended complaint but, in an abundance of caution, has responded to the allegations contained in that claim.

3. The allegations contained in paragraph 3 of the third claim constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

With respect to each of the claims asserted in the complaint, denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

1. Defendant asserts that plaintiffs fail through one or more of their counts to state a claim or claims upon which relief can be granted.

2. Defendant asserts that plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or acquiescence.

3. Defendant asserts that the receiver plaintiffs' are barred by the statute of limitations.

4. Defendant asserts that plaintiffs' claims are barred by the prior material breach of the contracts at issue.

5. Defendant asserts that plaintiffs' claims are barred because they have failed to satisfy conditions to payment under the contracts at issue, namely the submission, in accordance with applicable regulations, of information to defendant entitling plaintiffs to payment.

6. Defendant asserts that the claims of Forest Glen Properties, LLC are barred because of the lack of a valid assignment.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Brian M. Simkin by s/ Deborah A. Bynum
BRIAN M. SIMKIN
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 353-0527
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
AMBER J. RICHER
Trial Attorney
Office of Litigation

LORRAINE C. SHOTO
Attorney-Advisor - Enforcement

GREGORY G. GUSTIN
Associate Regional Counsel

Department of Housing and Urban Development

July 11, 2008

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 11th day of July, 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Andrew P. Averbach